UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| LARRY W. SCOTT, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>THE COMMONWEALTH OF KENTUCKY,<br><br>    Defendant. | No. 6:19-CV-95-REW<br><br><br><br>OPINION & ORDER |

\*\*\* \*\*\* \*\*\* \*\*\*

*Pro se* Plaintiff Larry W. Scott, Jr., initiated this 42 U.S.C. § 1983 action against the Commonwealth of Kentucky. *See* DE 1. Scott has not paid the $350.00 filing fee or $50.00 administrative fee, nor has he filed a motion for leave to proceed *in forma pauperis*. Anticipating a forthcoming IFP request,[1] the Court screens this matter under 28 U.S.C. § 1915(e)(2). *See id.* ("Notwithstanding any filing fee . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted[.]"); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (Even in the absence of an IFP request, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

---

[1] A previous Scott IFP motion indicates that he has been mentally and physically disabled since April 2000 and receives $770.00 per month as social security income. *Scott v. Hammons et al.*, No. 6:16-cv-018-GFVT-HAI (E.D. Ky.), at ECF Nos. 6 & 7.

1

A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court screens frivolous complaints. *See Neitzke v. Williams*, 109 S. Ct. 1827, 1831–32 (1989) (describing as "frivolous[,]" claims lacking "an arguable basis either in law or in fact"); *Apple*, 183 F.3d at 479. When testing *pro se* pleading sufficiency, the Court applies a tolerant construction, accepting as true all non-conclusory factual allegations and liberally construing legal claims toward encompassing a valid claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). The Court's liberal construction obligation has limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). The Court will not "conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001); *see also Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

*Background*

In his (construed) complaint, Scott states that he "files this motion against the Defendants to seek compensation for injuries suffered by the plaintiff, due to the illegal and unconstitutional acts of the defendants." DE 1 at 1. According to Scott, "[t]he defendants either elected, appointed or contract employees of the Commonwealth of Kentucky," falsified affidavits to obtain a warrant for Scott's arrest. *Id*. at 1-2. Specifically, Scott alleges that Officer Steve Owens of the Barbourville, Kentucky Police Department obtained a warrant causing Scott to be falsely imprisoned from September 5, 2015, through April 22, 2016. *Id*. at 2. Scott further states that, on April 22, 2016, Scott presented evidence to Knox County, Kentucky Circuit Court Judge Gary Lay proving that Scott did not violate any state law and, accordingly, Scott secured dismissal of the

state criminal case against him. *Id*. at 2. Scott alleges that the criminal charges against him were filed in September 2011 by Officer Owens and the case was prosecuted by Knox County Commonwealth's Attorney Jackie Steele. *Id*. at 2-3. Scott claims to have suffered physical and sexual assault during custody, which he alleges has resulted in ongoing emotional and psychological injuries. *Id*. at 3. Based on these allegations, he claims the Commonwealth of Kentucky owes him monetary compensation for physical, emotional, and psychological injuries. *Id*. at 4, 6.

*Discussion*

Scott's complaint fails for multiple reasons. First, despite his reference to "acts of the defendants," DE 1 at 1, the only entity from whom Scott appears to be seeking recovery is the Commonwealth of Kentucky. The Eleventh Amendment bars Scott's claim against the Commonwealth. *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) ("'There can be no doubt . . . that suit against [a] State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit,' or unless Congress has expressly abrogated Eleventh Amendment immunity.") (quoting *Alabama v. Pugh,* 438 U.S. 781, 782 (1978)) (other citations omitted). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Id*. (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Nor has the Commonwealth of Kentucky waived its Eleventh Amendment immunity. *See Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013); *see also Gibbons v. Kentucky Dept. of Corrections*, No. 3:07-CV-P697-S, 2008 WL 412847, at *1 (W.D. Ky. Sept. 4, 2008) (*citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (internal quotation marks and citation omitted)).

Additionally, although Scott's complaint does not specifically identify Officer Owens, Judge Lay, or Commonwealth's Attorney Steele as defendants, to the extent that his complaint could be construed as including distinct claims against any of these individuals, res judicata bars such claims. Scott, in this District, previously pursued this and other claims against these individuals arising from the same events relied on here. *See Scott v. Hammons, et al.*, No. 6:16-cv-18-GFVT (E.D. Ky.), ECF No. 1 (Complaint). Judge Van Tatenhove dismissed Scott's claims against Officer Owens, Judge Lay, and Commonwealth's Attorney Steele with prejudice on initial screening. *See Scott v. Hammons*, No. 6:16-CV-18-GFVT, 2016 WL 7404702, at *4 (E.D. Ky. Dec. 21, 2016).

Specifically, Judge Van Tatenhove dismissed Scott's claim against Officer Owens both because Scott's complaint that the police officers (including Officer Owens) "negligently performed their investigation fail[ed] to state a claim of constitutional dimension," and also because "police officers who participate in a criminal prosecution are entitled to absolute immunity from civil rights claims asserted by the accused complaining that the evidence presented was incomplete or false[.]" *Id.* at *3 (citations omitted). Judge Van Tatenhove found that Judge Lay and Commonwealth's Attorney Steele were likewise entitled to immunity. *Id.* ("The conduct about which Scott complains is clearly within the judge's and prosecutor's exercise of their respective functions during the prosecution. *See Huffer v. Bogen*, 503 Fed. Appx. 455, 459-60 (6th Cir. 2012); *Howell v. Sanders*, 668 F. 3d 344, 349-52 (6th Cir. 2012). Each is therefore entitled to absolute immunity against Scott's claims, which will be dismissed with prejudice.").

The prior with-prejudice dismissals bar any current Scott claims against Officer Owens, Judge Lay, and Commonwealth's Attorney Steele. As the Sixth Circuit has explained:

> Res judicata generally includes two separate concepts - claim preclusion and issue preclusion. Claim preclusion, or true res judicata, refers to [the] effect of a prior

> judgment in foreclosing a subsequent claim that has never been litigated, because of a determination that it should have been advanced in an earlier action. Issue preclusion, on the other hand, refers to the foreclosure of an issue previously litigated.

*Mitchell v. Chapman*, 343 F. 3d 811, 818 n.5 (6th Cir. 2003) (citing *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). As to claims explicitly litigated previously, issue preclusion bars rehashing of such allegations against Officer Owens, Judge Lay or Commonwealth's Attorney Steele here.[2]

Further, claim preclusion bars any alternative theories arising out of his arrest and imprisonment. Application of claim preclusion requires: "(1) a final judgment on the merits in a prior action; (2) a subsequent suit between the same parties or their privies; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction." *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (citations and quotation marks omitted). Judge Van Tatenhove issued a final, merits decision in a suit based on the same events and involving the same parties. Thus, to the extent that there is any variation between the claims actually litigated previously and the claims Scott asserts here, his present claims are barred as ones that he could and should have brought in the prior case. *See, e.g.*, *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) ("With these assertions already in his complaint, Wheeler should have taken the next step and alleged (based on these same facts) that the bench warrant leading to his 2012 arrest was invalid.").[3]

---

[2] *See Scott v. Hammons*, 6:16-cv-018-GFVT, at ECF No. 1, p. 9 (alleging claim that Owens falsified evidence in a civil conspiracy that caused Scott to be continuously falsely incarcerated since September 5, 2015); *id.* at pp. 17, 19 (alleging that Commonwealth's Attorney Jackie Steele continues to prosecute Scott on these false charges); *id.* at pp. 19, 21 (alleging that Judge Lay "disregarded the true facts" in a conspiracy to deprive Scott of his freedom and other constitutional rights)

[3] Scott also claimed false imprisonment in a § 2241 petition in this Court, which was also dismissed. *Scott v. Hammons, et al.*, No. 6:15-cv-164-DLB (E.D. Ky.).

Finally, Scott's claims are untimely. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. *Jones v. Bock*, 127 S. Ct. 910, 921–22 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Franklin v. Fisher*, No. 16-6464, 2017 WL 4404624, at *2 (6th Cir. May 15, 2017) ("The district court properly dismissed Franklin's complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

For § 1983 claims, federal courts borrow forum states' personal injury statutes of limitation. *See Wilson v. Garcia*, 105 S. Ct. 1938, 1949 (1985). Here, the relevant statute surely is the one-year limitation period provided by KRS 413.140. *Ham v. Marshall Cty., Ky.*, No. 5:11-CV-11, 2012 WL 5930148, at *3 (W.D. Ky. Nov. 27, 2012) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)). Kentucky law required Plaintiff to "commence[ ]" his civil rights claims "within one (1) year after the cause of action accrued[.]" KRS 413.140(1)(a). Scott alleges that the at-issue criminal proceedings terminated on April 22, 2016, when Judge Lay dismissed the indictment. DE 1 at 4. Thus, Scott had until no later than April 22, 2017, to commence this suit. *Wallace v. Kato*, 127 S. Ct. 1091, 1096 (2007) ("Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends.").[4] Scott's April 15, 2019, complaint was patently untimely.

---

[4] The deadline would be no later if the Court were to construe the complaint as including wrongful arrest or malicious prosecution claims. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) ("[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when

*Conclusion*

For these reasons and under the applicable standards, the Court dismisses Scott's complaint with prejudice for failure to state a valid claim for relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii); *see also Apple*, 183 F.3d at 479.[5]

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** Scott's complaint, DE 1, **WITH PREJUDICE**; and

2. The Court will enter a separate Judgment striking the matter from the active docket.

This the 16th day of May, 2019.

Signed By:
Robert E. Wier
United States District Judge

---

detention without legal process ends."); *King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017) ("[T]he limitations period for" a malicious prosecution claim does not "begin until the favorable termination of criminal proceedings."), *cert. denied*, 138 S. Ct. 640 (2018).

[5] Scott seeks appointment of counsel. DE 1 at 5. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself' based on "the complexity of the factual and legal issues involved." *Lavado v. Keohane*, 992 F.2d 602, 605-06 (6th Cir. 1993) (internal quotation marks and citations omitted). "Counsel should not be appointed . . . where a pro se litigant's claims are frivolous or when the chances of success are extremely slim." *Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011). Nothing about the action strikes the Court as particularly complex, either as to facts or law. Scott, proceeding *pro se*, has already fully litigated analogous claims in this District. Seeing no exceptional circumstances and given the screening result, the Court **DENIES** the embedded counsel appointment request. *See Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) ("The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court[.]").